UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ESTHER L. FRANKEL-ROSS,

        Plaintiff,

-against-

CONGREGATION OHR HATALMUD, OHR HASHABBOS & OHR KITOV, INC.; and JP MORGAN CHASE BANK, NA,

        Defendant.

-------------------------------------------------------------------X

Docket No:
15-cv-_____

**COMPLAINT**

Jury trial demanded

Plaintiff, complaining of the defendants, by her attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for her complaint, upon information and belief, as follows:

### THE PARTIES

1. At all times mentioned herein, the plaintiff, ESTHER L. FRANKEL-ROSS, is a resident of the State of Pennsylvania.

2. At all times mentioned herein, the defendant CONGREGATION OHR HATALMUD, OHR HASHABBOS & OHR KITOV, INC. ("CONGREGATION") is a religious corporation organized and existing under the laws of the State of New York.

3. At all times mentioned herein, the defendant JP MORGAN CHASE BANK, NA is a banking corporation organized and existing pursuant to the laws of the State of Delaware, is licensed to do business in New York, and maintains its principal place of business in New York.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, since the plaintiff is a citizen of Pennsylvania, the defendant CONGREGATION is a New York religious corporation, and the defendant JP MORGAN CHASE is a Delaware corporation with its corporate nerve center located in New York.

5. Venue is proper in this district as the defendant JP MORGAN is located in New York County.

## THE UNDERLYING FACTS

6. On or about May 5, 2014, believing that she was lending money to a legitimate check cashing business which would be repaid with interest, plaintiff directed a wire transfer from her account at Wells Fargo Bank to a beneficiary called "Ohr Shabbos" located at 4901 13th Avenue, Brooklyn, New York.

7. That transfer listed the recipient account number as ****6106 at JP Morgan Chase.

8. The money arrived at JP Morgan Chase and was received into an account with that account number, but the name on the account was actually "Cong. Ohr Hatalmud, Ohr Hashabbos & Ohr Kitov Inc."

9. Upon information and belief, the address of that account holder in JP Morgan Chase's records is 1482 41st Street, Brooklyn, New York.

10. Unfortunately, Ms. Frankel-Ross was the victim of a Ponzi scheme perpetrated by Steven Chaim Goldberger under the aegis of his employer, Kingston Check Cashing, Inc., and this transfer was part of the scam.

11. The money Ms. Frankel-Ross transferred has disappeared.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANT CONGREGATION

12. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

13. Upon information and belief, the defendant CONGREGATION had some kind of business dealings with Steven Chaim Goldberger and his employer, Kingston Check Cashing, Inc.

14. Upon information and belief as part of the business dealings between CONGREGATION and Goldberger, Goldberger owed CONGREGATION $200,000.

15. Goldberger tricked the plaintiff into wiring $100,000 to CONGREGATION by falsely communicating to the plaintiff that this was part of an investment in a check cashing business, that such a wire transfer was required for a legitimate transaction, and that if the plaintiff lent this money she would receive a return.

16. Upon information and belief, as a result of receiving the plaintiff's $100,000 wire, CONGREGATION deemed Goldberger's debt paid.

17. The wire information transmitted to CONGREGATION by its bank plainly indicated that the payor was JULES LEVENTHAL and HAJE, LLC.

18. BADALOV accepted the check listing JULES LEVENTHAL and HAJE, LLC as the payor, notwithstanding that it had no business relationship with JULES LEVENTHAL and HAJE, LLC.

19. BADALOV accepted the check listing JULES LEVENTHAL and HAJE, LLC as the payor, notwithstanding that it failed to do any due diligence to determine what JULES LEVENTHAL and HAJE, LLC's role in this transaction was ESTHER L. FRANKEL-ROSS, not Goldberger.

20. CONGREGATION accepted the wire listing ESTHER L. FRANKEL-ROSS as the payor without seeking to confirm with ESTHER L. FRANKEL-ROSS that the transaction was legitimate.

21. By accepting this payment, CONGREGATION assumed a risk that the wire transfer it received might not be legitimate, or might have been obtained under false pretenses.

22. CONGREGATION accepted a payment from ESTHER L. FRANKEL-ROSS with whom it had no business relationship.

23. At the time it received this wire into its bank account ESTHER L. FRANKEL-ROSS knew it did not have any relationship with anyone named ESTHER L. FRANKEL-ROSS.

24. Being thus aware that the remitter was someone unknown to it, and not having any idea who the remitter was, CONGREGATION was under a duty to verify who the remitter was and what her connection to this transaction was.

25. Having failed to do so, and frankly having deliberately held its nose and looked the other way, CONGREGATION chose to run the risk that this check had been procured through an illicit scheme.

26. CONGREGATION can take no sanctuary in the notion that the wire transfer is treated by the receiving bank like cash. If it were a bag of cash that said "ESTHER L. FRANKEL-ROSS's money" on it they certainly could not accept it; a wire transfer indicating that it was sent by "ESTHER L. FRANKEL-ROSS" is no different.

27. Unlike cash, this transfer indicated who the remitter was.

28. A wire transfer is not cash; wire transfers are traceable and name their parties.

29. Before accepting this money CONGREGATION had a duty to conduct a duly diligent inquiry to determine whether this check was legitimate.

30. CONGREGATION has thus converted ESTHER L. FRANKEL-ROSS's funds.

31.  By reason of the foregoing, plaintiff is entitled to a judgment against the defendant in the amount of $10,000, plus interest from May 5, 2014.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANT JP MORGAN CHASE

32.  Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

33.  JP MORGAN CHASE had two significant points of information at its disposal which should have flagged this transaction as problematic: both the recipient's name and the recipient's address were wrong on the wire transfer instructions.

34.  Had this transfer been flagged and rejected, the funds would have reverted back to plaintiff and she would not have suffered this loss.

35.  Additionally, the account holder CONGREGATION appears to have another account at JP MORGAN CHASE, with account number ****3892.

36.  The March 2014 account statement for the ****6106 account lists March 25, 2014 transfer of $250,000 from one account to the other account.

37.  While this account is nominally in the name of a charitable or religious organization, that does not appear to be the use made of this account. Rather, there are multiple large, round number deposits, which are then followed by large, round number checks, transfers, and withdrawals, ultimately leading to a zero balance. This matches a typical pattern of money laundering.

38.  Having failed to act on these red flags of fraud and money laundering, JP MORGAN CHASE is liable to the plaintiff for the full amount of her loss, $100,000.

39.  By reason of the foregoing, plaintiff is entitled to a judgment against the defendant in the amount of $10,000, plus interest from May 5, 2014.

**WHEREFORE**, the plaintiffs demand judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   Brooklyn, New York
         August 19, 2015

                                        Yours,

                                        THE BERKMAN LAW OFFICE, LLC
                                        *Attorneys for the plaintiff*


                                        by: _____
                                              Robert J. Tolchin

                                        111 Livingston Street, Suite 1928
                                        Brooklyn, New York 11201
                                        (718) 855-3627